**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| IN THE MATTER OF BROUSSARD BROTHERS, INC., AS OWNER AND OPERATOR OF THE *D/B COREY* | Civil Action No.<br><br>Judge<br><br>Magistrate Judge |

**Verified Complaint for Exoneration from or Limitation of Liability**

NOW INTO COURT, through undersigned counsel, comes Broussard Brothers, Inc. (hereinafter, "BBI"), as owner and operator of the *D/B COREY*, its engines, tackle, furniture, appurtenances, etc. (the "Vessel"), and files this Verified Complaint for Exoneration from or Limitation of Liability, and respectfully avers upon information and belief as follows:

1.

This is an action for exoneration from or limitation of liability, civil and maritime, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* (the "Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is governed by Rule F of the Supplemental Rules of Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. This Court has jurisdiction over this action by virtue of the Act and by virtue of 28 U.S.C. § 1333.

2.

At all times material hereto, BBI was and is a company organized and existing under and pursuant to the laws of the State of Louisiana, with its principal place of business located in Abbeville, Louisiana. BBI was and still is the sole record owner of the Vessel.

3.

The Vessel is an inland crew and deck boat, Louisiana Registration No. LA-6357-GB, and the Vessel is documented pursuant to the laws of the United States of America.

4.

The Vessel has not been attached or arrested to answer for any claim with respect to which BBI seeks exoneration from or limitation of liability through these proceedings. As of the date of this filing, there has been one lawsuit filed against BBI as the owner and operator of the Vessel. This lawsuit was filed in the 16th Judicial District Court for St. Mary Parish, which is within the Western District of Louisiana, Lafayette Division. Venue is therefore proper in the U.S. District Court for the Western District of Louisiana, Lafayette Division, per Rule F(9) of the Supplemental Rules of Admiralty or Maritime Claims.

5.

At all times during and prior to the incident hereinafter described, BBI exercised due diligence to make the Vessel seaworthy in all respects and fit for its intended service. The Vessel was in fact tight, staunch, strong, properly manned, equipped and supplied, and was in all respects seaworthy and fit for the voyage and service in which it was intended and engaged.

6.

On November 1, 2019, the Vessel was transporting BBI employees to and from a jobsite in St. Mary Parish, Louisiana located near Bayou Sale and West Cote Blanche Bay, which are navigable waterways that connect to the Gulf of Mexico. On the same date and at the same time, Tonya LaCoste ("LaCoste") and her husband were also traveling in a recreational vessel in the area and connected navigable waterway. It has been alleged by LaCoste that a wake created by the Vessel impacted LaCoste's recreational vessel and caused her injuries.

7.

As a result of the alleged November 1, 2019 incident, LaCoste filed a Petition within Admiralty and Maritime Jurisdiction and the General Maritime Law (the "Petition) in the 16th Judicial District Court for St. Mary Parish, Louisiana on April 14, 2022 asserting personal injury claims against BBI and demanding the recovery of damages. This state court action is captioned: *Tonya LaCoste v. Broussard Brothers, Inc.*, Docket No. 136599-E.

8.

In the Petition, LaCoste alleged that she "was sitting on an ice chest in the boat when it encountered excessive wakes from the westbound D/B Corey, a vessel owned and operated by the defendant Broussard Brother[s], Inc." As a result of the alleged incident involving the Vessel, LaCoste claims that she "has suffered permanent and rare irreparable damage to her lower spine requiring surgery to be performed." *See* Exhibit A, LaCoste Petition.

9.

The aforementioned incident alleged by LaCoste, and any and all losses and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of BBI, its agents, servants, employees, or any other persons for whom BBI might be responsible, or by any unseaworthiness of the Vessel.

10.

The aforementioned incident alleged by LaCoste, and any and all losses and/or damages allegedly resulting therefrom, were done, occasioned, and incurred without the privity or knowledge of BBI. No officers or managing directors of BBI were on board or in the vicinity of the Vessel at the time of the alleged incident at issue.

11.

The Complaint is timely, as it is being filed within six (6) months from written notice of a claim against the Vessel and BBI in its capacity as vessel owner because LaCoste's Petition was filed on April 14, 2022.

12.

At the conclusion of the alleged incident, the value of the Vessel was ONE HUNDRED AND THIRTY THOUSAND AND NO/100 U.S. DOLLARS ($130,000.00). *See* Exhibit B, Affidavit of Value by James E. Stansbury, III. There was no freight pending, within the meaning of the applicable statutes, aboard the Vessel at the start of the voyage at issue or at any time up to and including the alleged incident at issue. BBI reserves the right to supplement and/or amend this valuation as further facts are developed and other information becomes available.

13.

BBI avers that because the aforementioned incident and alleged losses, damages, and/or injuries allegedly related thereto were not caused and/or contributed to by any fault, neglect, negligence, or lack of due care on the part of BBI, or its agents, servants, employees, or any other persons for whom BBI might be responsible, or by any unseaworthiness of the Vessel, BBI is entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses, or damages allegedly occurring as a result of the aforesaid incident, as well as any and all claims related to the incident that have yet to be asserted. BBI avers that it has valid and complete defenses on the facts and on the law.

14.

Although BBI denies any liability to LaCoste or any other party, and although BBI does not know the extent, nature, or total amount of all claims which may be made for loss or damage

arising out of the incident described above, BBI anticipates and believes that the claims that will be asserted and prosecuted against BBI will be for amounts exceeding the value of BBI's interest in the Vessel and its pending freight at the conclusion of the voyage during which the alleged incident took place, especially considering the representation by LaCoste in the Petition that her injuries require surgery.

15.

As such, without admitting but affirmatively denying all liability, and strictly in the alternative to its claim for exoneration from all liability, losses, damages, and/or injuries allegedly occasioned by or resulting from the aforesaid incident, or allegedly done, occasioned, or incurred on the subject voyage, BBI alleges and avers that if BBI should be held responsible to any person, entity, or other party by reason of any fault attributed to BBI, its agents, servants, employees, or others for whom BBI could be held responsible, or to the Vessel, in connection with the above-described incident, then BBI is entitled to and claims the benefit of limitation of liability as provided by the Act, 46 U.S.C. §§ 30501, *et seq.*, and all laws supplementary therefore and amendatory thereof, and all other applicable laws and jurisprudence, to limit its liability to ONE HUNDRED AND THIRTY THOUSAND AND NO/100 U.S. DOLLARS ($130,000.00), the value of BBI's interest in the Vessel and its pending freight after the alleged incident.

16.

BBI reserves the right to plead all applicable affirmative defenses, claims, cross-claims, and counterclaims against any claimant, including, but not limited to, the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by BBI, the right to plead Act of God, the right to plead that the incident resulted from violations of law by particular claimants, the right to plead that particular

claimants have no cause and/or right of action, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible of the incident described herein.

17.

BBI has filed contemporaneously herewith a Letter of Undertaking, in appropriate form, which is attached as Exhibit C, issued by Gulf Coast Marine Underwriters, as security for the amount or value of the combined total of BBI's interest in the Vessel, together with costs and interest and the rate of six percent (6%) per annum from the date of said Letter of Undertaking, and in addition thereto, BBI is prepared to give security for any additional amount in excess of the Letter of Undertaking as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty and Maritime Claims.

18.

All and singular, the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, BBI prays that:

I.

This Honorable Court enter an Order accepting and approving BBI's *Ad Interim* Stipulation for Value accompanied by the properly executed Letter of Undertaking in the amount of ONE HUNDRED AND THIRTY THOUSAND AND NO/100 U.S. DOLLARS ($130,000.00), together

with costs and six percent (6%) per annum interest from the date of the Letter of Undertaking, as security for the amount of BBI's interest in the Vessel immediately after the incident as described herein;

II.

This Court issue a notice to all person, firms, corporations, or other entities asserting any claims for any and all alleged losses, damage, or injuries with respect to which BBI seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on attorneys for BBI a copy thereof on or before a date to be named in the notice, and that if claimant desires to contest either the right to exoneration from or limitation of liability, such person shall file and serve on the attorneys for BBI an answer to this Complaint on or before the said date, unless his or her claim has included an answer;

III.

This Court issue an injunction restraining the further prosecution of any and all actions, suits, or proceedings of any nature or description already commended or which may hereafter be commenced in any jurisdiction against BBI, their officers, their respective insurers and underwriters, and/or against the Vessel, whether *in personam* by attachment, or *in rem*, for any losses, damages, and or injuries arising out of the alleged November 1, 2019 incident described in this Complaint.

IV.

In the event any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel, or its pending freight, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessel and its pending freight following the incident and of the value of BBI's interest therein, following which even this Court

shall, if necessary, enter an Order for filing of a Letter of Undertaking or other appropriate security for the value, as so determined, of BBI's interest in said Vessel and its pending freight;

V.

This Court adjudge that, after due proceedings, BBI, its affiliated companies, employees, or its or their insurers and underwriters, and the Vessel, are not liable to any extent whatsoever for any losses, damages, and/or injuries or for any claims therefor, in any way arising from or in consequence of the incident, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

VI.

Alternatively, if this Court should adjudge that BBI, its affiliated companies, employees, or its or their insurers and underwriters, and/or the Vessel are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to ONE HUNDRED AND THIRTY THOUSAND AND NO/100 U.S. DOLLARS ($130,000.00) the value of BBI's interest in the Vessel together with its pending freight immediately after the November 1, 2019 incident; and that a judgment be entered discharging BBI, its affiliated companies, employees, or its or their insurers and underwriters, and the Vessel from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against BBI, its affiliated companies, employees, or its or their insurers and underwriters, the Vessel, or any of their property, in any way arising from or in consequence of the subject incident, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

VII.

After due proceedings, there be judgment in favor of BBI, granting it exoneration from, or in the alternative, limitation of liability to the amounts claimed herein; and that BBI have such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

**NEUNERPATE**

By: */s/ Phillip M. Smith*
Frank X. Neuner, Jr. – La. Bar No. 7674
(fneuner@neunerpate.com)
Jeffrey K. Coreil – La. Bar. No. 32405
(jcoreil@neunerpate.com)
Phillip M. Smith – La. Bar No. 37314
(psmith@neunerpate.com)
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Telephone:   337-237-7000
Fax:            337-233-9450

***Attorneys for Broussard Brothers, Inc.***